UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| Mark Simmons, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 2:22-cv-04793 |
| ) | |
| Spring Oaks Capital, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3rd Cir. 2011).

4. Violation of a single provision of the FDCPA is sufficient to establish liability. Blandina v. Midland Funding, LLC, 2014 WL 6892083, at *1 (E.D. Pa. 2014).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b).

7. The acts and transactions alleged herein occurred in this Judicial District.

8. Plaintiff resides in this Judicial District.

1

9. Defendant transacts business in this Judicial District.

## Parties

10. Plaintiff, Mark Simmons, is a natural person.

11. Plaintiff is a "consumer" as that term is defined by § 1692a.

12. Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. Defendant, Spring Oaks Capital, LLC, a debt collection agency and/or debt purchaser operating from an address at 1400 Crossways Blvd., Suite 100B, Chesapeake, VA 23327-1216.

14. Defendant is a debt collection agency and the Defendant is conducting business in the State of Pennsylvania. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. Plaintiff incurred a debt that was primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. Plaintiff disputes the debt.

22. Plaintiff requests that the Defendant cease all further communication on the debt.

23. Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained Dunne Law Offices, P.C., for legal representation regarding the Plaintiff's debts.

26. Prior to July 29, 2022, Defendant had reported to TransUnion credit reporting agency that the Plaintiff owed a debt to its client.

27. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. Kaymark v. Bank of Am., N.A., 783 F.3d 168, 178 (3ᵈ Cir. 2015)(The statute defines a "communication" under the FDCPA as the conveying of information regarding a debt directly or indirectly to any person through any medium"); see also Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

28. On July 29, 2022, the Plaintiff's legal counsel sent a letter via USPS Certified Mail to Defendant Spring Oaks Capital, LLC. This letter indicated that the Plaintiff disputes the debt that the Defendant is attempting to collect. *See Exhibit "2" attached hereto*.

29. On August 1, 2022, Plaintiff received confirmation from USPS that his letter to Defendant Spring Oaks Capital, LLC had been delivered to Defendant at the following address: Spring Oaks Capital, LLC, 1400 Crossways Blvd., Suite 100B, Chesapeake, VA 23327-1216. *See Exhibit "3" attached hereto*.

30. This letter indicated that Plaintiff disputed the debt that Defendant is attempting to collect. Section 1692e(8) does not require an individual's dispute be valid or reasonable. Instead, the plaintiff must simply make clear that he or she dispute the debt. Evans v. Portfolio Recovery Associates, 2018 U.S.App. LEXIS 11372 *14 (7ᵗʰ Cir. 2018); see also DeKoven v. Plaza Associates, 599 F.3d 578, 582 (7ᵗʰ Cir. 2010)("[A] consumer can dispute a debt for 'no reason at all . . .'").

31. On November 30, 2022, Plaintiff obtained and reviewed a copy of his TransUnion credit report. *See Exhibit "4" attached hereto*.

32. On November 30, 2022, Defendant was continuing to report the Plaintiff's debt to it without indicating that the debt was disputed. *See Exhibit "4" attached hereto*.

33. The TransUnion credit report dated November 30, 2022, indicates that it was last reported or verified in November of 2022. *See Exhibit "4" attached hereto*.

34. The TransUnion credit report dated November 30, 2022 fails to indicate that the debt was disputed by the consumer. *See Exhibit "4" attached hereto*.

35. By failing to communicate that the debt at issue was disputed, Defendant violated the FDCPA. Evans v. Portfolio Recovery Assocs., 2018 U.S. App.LEXIS 11372 *12 – 13 (7ᵗʰ Cir. 2018)("Despite receiving the Letters, PRA still reported plaintiffs' debts to credit reporting agencies without noting that the debt amounts were disputed. This is a clear violation of the statute"); see also, Sayles v.

Advanced Recovery Systems, Inc., 865 F.3d 246 (5th Cir. 2017); Riccio v. Sentry Credit, Inc., 954 F.3d 582 (3d Cir. 2020)("Collectors are prohibited from reporting disputed debts to credit agencies without noting the fact of a dispute").

36. Defendant's failure to update his credit report with a disputation violates the FDCPA's prohibition on unfair and deceptive debt-collection practices. Cartmell v. Credit Control, LLC, 2020 WL 113829, at *10 (E.D. Pa. 2020)(debt collector's omission that payment of a time-barred debt would revive statute of limitations is a de facto concrete injury-the right to truthful or non-misleading information in the debt-collection process is an interest traditionally recognized by law).

37. Defendant's deception by omission or misrepresentation in connection with reporting accurate information about the debt to credit reporting agencies is at its core the deprivation of the right to truthful information. Friend v. Financial Recoveries, 2017 WL 3701776, at *7 (M.D. Pa. 2017)(The Court notes that Section 1692e(8) prohibits the omission of information. In particular, section 1692e(8) states that a "debt collector's" "failure to communicate that a debt is disputed" can serve as a basis for relief under the FDCPA"). *See also* Gibbons v. Weltman, Weinberg & Reis, Co., 2020 WL 5039316 (E.D. Pa. 2020)(Plaintiff's alleged harm is sufficiently concrete. Although she alleges an intangible harm, that harm has a "close relationship" to harms that have "traditionally been regarded as providing a basis for a lawsuit in English and American courts" and has been "elevated" by Congress into a "legally cognizable injury."). This alleged violation is sufficient to show injury-in-fact.

38. Defendant's violation of the FDCPA is material because Defendant's failure to update his credit report would make an unsophisticated consumer believe that he did not have the rights Congress had granted to him under the FDCPA. This alleged violation of the FDCPA is sufficient to show an injury-in-fact. Evans v. Portfolio Recovery Assocs., 2018 U.S. App. LEXIS 11372, *8-*9 (7th Cir. 2018); *See also* Sayles, *supra*, 865 F.3d at 250 (debt collector's violation exposed consumer to "a real risk of financial harm caused by an inaccurate credit rating").

39. Defendant's violation of the FDCPA is a material violation of the statute. Indeed, as the Seventh Circuit Court of Appeals stated, "[p]ut simply, the failure to inform a credit reporting agency that the debtor disputed his or his debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score". Evans, *supra*, at *20.

40. As a result of Defendant's failure to note the debt at issue in this matter as disputed, Plaintiff printed the credit report and reviewed the credit report. Further, on November 30, 2022, Plaintiff took time to discuss the aforementioned error with his attorney. *See Exhibit "5" attached hereto.*

41. Furthermore, §1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law defamation/fraud principle that, if a debt collector elects to communicate credit

information about a consumer, it must not omit a material piece of information, namely that the debt is disputed.

42. Defendant's collection communications are to be interpreted under the "least sophisticated debtor standard". Jensen v Pressler & Pressler, 791 F.3d 413, 418 (3d Cir. 2015).

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 42 of the complaint are realleged and incorporated herewith by references.

2. Defendant violated 15 U.S.C. § 1692e(8) by continuing to attempt to report a debt to a credit reporting agency when it knew the debt was disputed by the consumer. *See* 15 U.S.C. 1692e(8) ("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); Riccio v. Sentry Credit, Inc., 954 F.3d 582 (3d Cir. 2020)("Collectors are prohibited from reporting disputed debts to credit agencies without noting the fact of a dispute"); Butler v. Experian Info. Sols., 2016 WL 4699702 (E.D. Pa. 2016)(granting default judgment because "report[ing] inaccurate information . . . to credit reporting agencies" was sufficient to "state a cause of action" under Section 1692e(2)(A); 1692e(8)).

3. Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

4. Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

5. Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.


Respectfully submitted,

s/ Stephen M. Dunne
Stephen M. Dunne
PA Attorney ID: 208838
Dunne Law Offices, P.C.
Attorney for Plaintiff
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Office: 215-551-7109
Fax: 215-525-9721
Email: stephen@dunnelawoffices.com